# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TANYA CRAMER,<br><br>        Plaintiff,<br><br>   v.<br><br>DICKINSON, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-00473-AWI-SMS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 9) |

**I.   SCREENING ORDER**

    **A.   Screening Requirement**

LaTanya Cramer, ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her original complaint on April 24, 2006, and her first amended complaint on June 22, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B.     Plaintiff's First Amended Complaint

The events at issue in the instant action allegedly occurred at Valley State Prison for Women in Chowchilla, California, where plaintiff was and remains incarcerated. Plaintiff names as defendants Sergeant J. Dickinson, Correctional Officer Dickinson, and Nurse Practitioner Patricia A. Johnson. Plaintiff alleges that C.O. Dickinson accused her of possessing drugs, but that none were ever found. She further alleges that Sgt. Dickinson, "took everything further even after" C.O. Dickinson had strip searched plaintiff. Nurse Johnson thereafter apparently performed a digital rectal search. Plaintiff seeks monetary damages.

### C.     Plaintiff's Section 1983 Claims

It appears to the Court that plaintiff claims violation of her constitutional rights for being wrongly accused of possessing drugs, which led to a digital rectal search. However, the events complained of by plaintiff, do not yet state cognizable constitutional violations.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The Court will provide plaintiff with the opportunity to file a second amended complaint that complies with Rule 8(a) and sets forth for each defendant, *as briefly as possible*, what action that defendant took or failed to take and why (e.g., to retaliate against plaintiff for litigating in court or for filing inmate grievances, etc.). In the subsections that follow, the Court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing her second amended complaint.

### 1. *Due Process – False Accusation of Drug Possession*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty

3

interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985); Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th

1  Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of
2  liberty interest.)
3  However, the "some evidence" standard does not apply to original rules violation report
4  where a prisoner alleges the report is false. Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).
5  Plaintiff did not state any facts for the Court to ascertain whether she was disciplined (i.e.
6  via a Rule Violation Report, etc.) as a result of being accused of possessing drugs. Plaintiff did
7  not state any facts to address any of the requirements set forth in Wolff. Thus, plaintiff has failed
8  to state a cognizable claim regarding the accusation made by C.O. Dickinson.

   **2.    *Body Searches***

10 Plaintiff indicates that C.O. Dickinson strip searched her and that Nurse Johnson
11 performed a rectal search.
12 "A prison has a compelling and uncontroverted interest in preventing the introduction
13 into or the transporting throughout the prison of contraband and in maintaining order in the
14 institution. A prisoner has a very limited reasonable expectation of privacy in regard to a search
15 of h[er] person. There is no requirement that a search be supported by either probable cause or
16 reasonable suspicion; instead the relevant inquiry is whether under all of the circumstances the
17 search was reasonable. And the determination of reasonableness depends, as it does in any
18 Fourth Amendment case, on the specific facts presented. In particular, a court "must consider the
19 scope of the particular intrusion, the manner in which it is conducted, the justification for
20 initiating it, and the place in which it is conducted." People v. Collins 115 Cal.App.4th 137,
21 154-55 (2004) citing Bell v. Wolfish 441 U.S. 520, 559 (1979).
22 Although prison officials may conduct reasonable body searches of prisoners, the Eighth
23 Amendment protects inmates from repetitive and harassing searches. Hudson v. Palmer, 468
24 U.S. 517, 530 (1984).
25 Digital body cavity searches must "be conducted with reasonable cause and in a
26 reasonable manner" to serve a legitimate penological interest. Vaughan v. Ricketts, 950 F.2d
27 1464, 1468-69 (9th Cir. 1991).
28 Plaintiff failed to allege sufficient facts for the Court to determine whether the searches

5

performed by C.O. Dickinson and Nurse Johnson were reasonable. While plaintiff indicates that C.O. Dickinson strip searched her and that Nurse Johnson performed a digital rectal search, plaintiff fails to state the manner in which either search was conducted, the justification for initiating either search, and the place(s) where the searches were conducted. Based on plaintiff's allegations, a strip search and a digital rectal search of a prisoner believed to possess contraband is not unreasonable and does not rise to the level of a constitutional violation.

### 3. *Supervisorial Liability*

Plaintiff states that Sgt. Dickinson "kept taking everything further."

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Sgt. Dickinson personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, plaintiff has failed to state a cognizable claim against Sgt. Dickinson.

**II.    CONCLUSION**

1     For the reasons set forth above, plaintiff's first amended complaint is dismissed, with
2 leave to file a second amended complaint within thirty days.  If plaintiff needs an extension of
3 time to comply with this order, plaintiff shall file a motion seeking an extension of time no later
4 than thirty days from the date of service of this order.
5     Plaintiff must demonstrate in her second amended complaint how the conditions
6 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
7 Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific
8 terms how each named defendant is involved.  There can be no liability under section 1983
9 unless there is some affirmative link or connection between a defendant's actions and the
10 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
11 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
12    Plaintiff is advised that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to
13 relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
14 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
15 against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A
16 against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
17 claims against different defendants belong in different suits, not only to prevent the sort of
18 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
19 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
20 frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28
21 U.S.C. § 1915 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
22    Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Rule 8,
23 Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties'
24 evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)
25 should not be submitted until the course of litigation brings the evidence into question (for
26 example, on a motion for summary judgment, at trial, or when requested by the court).  At this
27 point, the submission of evidence is premature as the plaintiff is only required to state a prima
28 facie claim for relief.  Thus, in amending her complaint, plaintiff should simply state the facts

upon which she alleges a defendant has violated her constitutional rights and refrain from submitting exhibits.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must file a second amended complaint curing the deficiencies identified by the court in this order; and
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:  April 28, 2008**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE